Argued and submitted September 7, 1988, the decision of the Court of Appeals and judgment of the trial court affirmed January 31, 1989

## STATE OF OREGON,
*Respondent on Review,*

*v.*

## ROBERT EDWARD KING,
*Petitioner on Review.*

(TC 87C-20700A; CA A45979 (Control),
A45980, A45981; SC S35218)
(Cases Consolidated)

768 P2d 391

Ingrid A. MacFarlane, Salem, argued the cause for petitioner on review. With her on the the petition was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent on review. With him on the response to the petition were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Peterson, Chief Justice, and Linde, Campbell,** Carson, Jones, Gillette and Van Hoomissen, Justices.

VAN HOOMISSEN, J.

---

** Campbell, J., retired December 31, 1988.

## VAN HOOMISSEN, J.

This case involves the interpretation and constitutionality of OEC 609, as amended in 1986 by the "Crime Victims' Bill of Rights," Or Laws 1987, ch 2, § 1.[1]

Defendant appeals convictions on three counts of robbery in the first degree with a firearm. ORS 164.415; 161.610. He contends that the trial court erred in denying his motions to exclude evidence of his prior convictions and for a judgment of acquittal on one of the robbery counts. The issues are whether the trial court was required to "balance" the probative value of the evidence against its prejudicial effect, and whether there was sufficient evidence to find beyond a reasonable doubt that defendant robbed Dwight Lamb, one of the three victims, with a deadly weapon. The Court of Appeals affirmed from the bench. *State v. King*, 90 Or App 645, 754 P2d 39 (1988). We affirm the decisions of the Court of Appeals and the trial court.

In December 1986, three masked men broke into the home of Dwight and Ruth Lamb and their son Andrew. Ruth and Andrew were in the living room. Dwight, recently returned home from the hospital, was asleep in the bedroom.[2]

---

[1] In relevant part, amended OEC 609 provides (deleted language appears in brackets; new language is italicized):

"(1) For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime [in other than a justice's court or a municipal court] shall be admitted if elicited from the witness or established by public record, but only if the crime (a) was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, [and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant,] or (b) involved false statement *or dishonesty.*

"(2) Evidence of a conviction under this section is not admissible if:

"(a) A period of more than [10] *15* years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date; or

"(b) The conviction has been expunged by pardon, reversed, set aside or otherwise rendered nugatory.

"(3) When the credibility of a witness is attacked by evidence that the witness has been convicted of a crime, the witness shall be allowed to explain briefly the circumstances of the crime or former conviction[.]; *once the witness explains the circumstances, the opposing side shall have the opportunity to rebut the explanation.*"

[2] Dwight Lamb died, apparently of cancer, before the trial in this case.

One man carried a sawed-off shotgun, another a pistol and the third a screwdriver. The robbers wrapped Andrew's hands, legs, mouth and eyes with duct tape, but he could still see the shotgun pointed at him. He saw them bind his mother. The robber with the shotgun threatened her and waved the shotgun at her. Andrew heard "scuffling" in the bedroom and he saw pictures being knocked off the walls. After about 25 minutes, the robbers left, taking with them cash, jewelry and other property. Andrew immediately removed the tape and checked on his father. He found him on the floor covered by a blanket. The robbers had knocked over shelves, emptied drawers and had piled things on the bed. Defendant, his brother Bill and Eric Harris were later charged with three counts of robbery.

At trial, defendant decided to testify on his own behalf. He anticipated that the state would offer evidence of his prior convictions to impeach his credibility. Recognizing that the 1986 amendment to OEC 609 had eliminated the OEC 609(1)(a) requirement that a trial court must first balance the probative value of such evidence against its prejudicial effect, he asked the court in a motion *in limine* to balance the evidence under OEC 403.[3] He argued that OEC 403 applies to evidence otherwise admissible under OEC 609(1). He relied primarily on *State v. McClure,* 298 Or 336, 692 P2d 579 (1984). He also argued that failure to balance denied him "due process under both federal and state constitutions." Defendant cited no specific provision of the Oregon Constitution in making his state "due process" claim. Nor did he point to any reason why the result might be different under the state constitution. *See State v. Farber,* 295 Or 199, 207 n 10, 666 P2d 821 (1983). The trial court concluded that *no* balancing was required under current law and denied the motion.[4] After this adverse ruling, in an attempt to take

---

[3] OEC 403 provides:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence."

[4] The trial court explained:

"THE COURT: I guess to make the record clear, without getting to the analysis that would be required under *State v. McClure,* [*supra*], if one were to determine that the analysis was necessary, I will come short of that and determine that based upon the law as it presently exists, the analysis is not necessary, and based on the law as it presently exists, I will deny the motion to exclude. That keeps the record clean for the basis of denying the motion."

the sting out of the state's impeaching evidence, defendant mentioned some of his prior convictions during his direct testimony. On cross-examination, the state offered evidence of all of defendant's prior convictions to impeach his testimony. OEC 609. The jury convicted him on all three counts.

■ In the Court of Appeals, defendant argued, as he did in his motion *in limine,* that notwithstanding the 1986 amendment to OEC 609, balancing still is required by OEC 403 and *Howard v. Jammer Cycle Products,* 80 Or App 492, 723 P2d 1012 (1986). He made *no* federal or state constitutional arguments in the Court of Appeals. In this court, defendant continues his argument that balancing still is required by OEC 403 and, for the first time on appeal, he makes his constitutional arguments. We find against defendant on his first argument and do not consider his constitutional arguments.

In *State v. Dick,* 91 Or App 294, 754 P2d 628 (1988), the Court of Appeals held that in amending OEC 609 in 1986, the voters intended to *require* trial courts to admit evidence of prior convictions for the purpose of impeaching a criminal defendant, without discretion:

> "As amended by the omission of the weighing process, OEC 609(1)(a) provides that evidence of a prior crime *"shall* be admitted * * * if the crime (a) was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, or (b) involved false statement or dishonesty." (Emphasis supplied.) That passage is almost identical to a rule that had been proposed, but rejected, when *former* OEC 609 was adopted. *See State v. McClure,* 298 Or 336, 346-48, 692 P2d 579 (1984). On the basis of the nondiscretionary rule that existed *before* OEC 609, the nondiscretionary rule that continued to apply under *former* OEC 609(1)(b), the deletion of the balancing test from *former* OEC 609(1)(a), and the stated purpose of the ballot measure, it is clear that the voters intended to *require* trial courts to admit evidence of prior convictions for the purpose of impeaching a criminal defendant, without discretion." 91 Or App at 297.

The Court of Appeals specifically rejected the argument that balancing still is required by OEC 403:

> "OEC 403, which permits the exclusion of relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, is a general rule. It was not designed to override specific rules, such as OEC 609, but

rather to provide a guide for situations in which no specific rules have been formulated. 'When, in the same statutory scheme, there is both a specific provision and a general one, the latter of which includes matter embraced in the former, and the two cannot be harmonized, the particular provision controls over the general.' *Steamboaters v. Winchester Water Control Dist.,* 69 Or App 596, 599, 688 P2d 92, *rev den* 298 Or 553 (1984); *see also South Benton Ed. Assn. v. Monroe Union High,* 83 Or App 425, 430, 732 P2d 58, *rev den* 303 Or 331, (1987). Although federal courts that have addressed this issue under analogous sections of the Federal Rules of Evidence, from which OEC 609 and OEC 403 are derived, are divided, the better reasoned cases hold that Rule 403 applies to any situation *unless* another rule either bars certain evidence or sets up a decision-making procedure inconsistent with a Rule 403 weighing. *See e.g., Diggs v. Lyons,* 741 F2d 577, 579-82 (3rd Cir 1984); *United States v. Wong,* 703 F2d 65, 67-68 (3rd Cir 1983); *United States v. Kiendra,* 663 F2d 349, 353-55 (1st Cir 1981); *United States v. Leyva,* 659 F2d 188, 121-22 (9th Cir 1981); *United States v. Toney,* 615 F2d 277, 279-80 (5th Cir 1980); *Moore v. Volkswagenwerk, A.G.,* 575 F Supp 919, 921-22 (D Md 1983).

"Ballot Measure 10 expressly revised OEC 609(1)(a) to track *former* OEC 609(1)(b) and, thus, to preempt any OEC 403 or other weighing." 91 Or App at 298-99.

We find the Court of Appeals' analysis in *Dick* persuasive and adopt it as our own.[5] In the context of evidence presented pursuant to OEC 609, we hold that balancing is impermissible.[6]

 Defendant next argues that without balancing, OEC 609 violates his rights under Article I, section 11, of the Oregon Constitution, and the Fifth, Sixth and Fourteenth

---

[5] *State v. Dick, supra,* was not argued or decided on constitutional grounds in the Court of Appeals, nor were any constitutional grounds urged in *Dick's* petition for review, which we denied. 306 Or 528, 761 P2d 929 (1988).

[6] Even under *former* OEC 609, certain crimes involving false statements and their inchoate forms were admissible for impeachment purposes in every case without balancing. *See* Legislative Commentary to OEC 609.

The federal courts that have considered the matter in relation to the equivalent federal rule unanimously hold that where FRE 609 does not require balancing in a criminal case, it is error to engage in FRE 403 balancing. *See e.g., United States v. Wong, supra,* 703 F2d at 67-68; *United States v. Kiendra, supra,* 663 F2d at 353-355; *United States v. Leyva, supra,* 659 F2d at 121-122; *United States v. Toney, supra,* 615 F2d at 278-280.

Amendments to the United States Constitution. In the trial court, defendant argued that failure to balance denied him "due process under both federal and state constitutions." He did not cite or argue any specific provision of the Oregon Constitution, apparently recognizing that the Oregon Constitution does not contain a due process clause.[7] In the Court of Appeals, defendant made *no* federal or state constitutional arguments. He argued only that balancing still is required by OEC 403. In this court, he argues for the first time on appeal that failure to balance violates Article I, section 11, of the Oregon Constitution,[8] because it infringes on his right to be heard, to testify and to an impartial jury. He also argues that OEC 609 is inconsistent with Fifth, Sixth and Fourteenth Amendments' fair trial, impartial jury and due process guarantees.

In the circumstances presented by the record in this case, where defendant failed to present *any* constitutional issue to the Court of Appeals, we decline to consider any of his constitutional arguments. *See Cooper v. Eugene Sch. Dist. No. 4J,* 301 Or 358, 369-70 n 12, 723 P2d 298 (1986), *dismissed for lack of substantial federal question,* 480 US 942, 107 S Ct 1597, 94 L Ed 2d 784 (1987); *State v. Kennedy,* 295 Or 260, 268, 666 P2d 1316 (1983). Accordingly, this case decides nothing about the constitutional issues raised by defendant in the trial court.

■　　Finally, defendant contends that the trial court erred in denying his motion for a judgment of acquittal on count I of the indictment which charged him with robbing Dwight Lamb with a deadly weapon.[9] He argues that the state failed to

---

[7] During oral argument in this court, defendant's counsel was asked to identify the source of his state "due process" claim. Counsel responded: "There isn't a state due process claim here. There is a state right to be heard, right to testify claim."

[8] Article I, section 11, of the Oregon Constitution provides in relevant part:

"In all criminal prosecutions, the accused shall have the right to public trial by an impartial jury in the county in which the offense shall have been committed; to be heard by himself and counsel * * *."

[9] ORS 164.415 provides in relevant part:

"(1) A person commits the crime of robbery in the first degree if the person violates ORS 164.395 and the person:

"(a) Is armed with a deadly weapon; * * *"

ORS 164.395 provides in relevant part:

"(1) A person commits the crime of robbery in the third degree if in the course of committing or attempting to commit theft the person uses or threatens the immediate use of physical force upon another person with the intent of:

"(a) Preventing or overcoming resistance to the taking of the property or to retention thereof immediately after the taking; * * *"

present any evidence that he used a deadly weapon to prevent or overcome Dwight Lamb's resistance to theft.

In ruling on the sufficiency of the evidence in a criminal case, the relevant question is whether, after viewing the evidence in the light most favorable to the state, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Harris,* 288 Or 703, 721, 609 P2d 798 (1980). It is not proper for us to hold that there is a reasonable doubt because of conflicts in the evidence. After a verdict of guilty, such conflicts must be treated as if they had been decided in the state's favor. After the conflicts have been so decided, we must take such decided facts together with those facts about which there is no conflict and determine whether the inferences that may be drawn from them are sufficient to allow the jury to find defendant's guilt beyond a reasonable doubt. Our decision is not whether we believe defendant is guilty beyond a reasonable doubt, but whether the evidence is sufficient for a jury so to find. *State v. Krummacher,* 269 Or 125, 137-38, 523 P2d 1009 (1974).

We conclude that a rational jury could have found that a deadly weapon was used to prevent or overcome Dwight Lamb's resistance to theft. At trial, the state offered evidence that defendant admitted pointing a shotgun at three victims during a residential robbery, entering a bedroom, ordering an old man to get out of bed and forcibly removing him from bed and tying him up. There also was evidence that defendant possessed a shotgun and a pistol at the time of the robbery. The jury was entitled to find that defendant had entered Dwight Lamb's bedroom and pointed a shotgun at him. The intentional display of a firearm for the purpose of intimidating a robbery victim is sufficient use of the firearm to constitute first degree robbery. Therefore, defendant's motion for a judgment of acquittal on count I of the indictment was properly denied.

The decision of the Court of Appeals is affirmed. The judgment of the trial court is affirmed.