Argued and submitted July 21, conviction affirmed; civil judgment provision in
sentencing order vacated and remanded for reconsideration November 8, 1989

# STATE OF OREGON,
*Respondent,*

*v.*

# RAYMOND TURNER,
*Appellant.*

## (88-616-CR; CA A50920)

781 P2d 1231

Henry M. Silberblatt, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Keith W. Wingfield, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his conviction for reckless burning. ORS 164.335. He contends that the court erred in denying his motion for judgment of acquittal and in sentencing him to pay $500,184 in restitution. We affirm the conviction but vacate the order of restitution.

The facts are not in dispute. A fire damaging several businesses was started by burning material thrown into a garbage can in an alley. Defendant had entered the alley several hours before the fire in an intoxicated state. There was testimony to the effect that defendant had lain down next to the building and had started a small fire from garbage to keep himself warm. He was later seen by a police officer in a different location with another warming fire. The officer extinquished the fire and told defendant not to start any more. Shortly thereafter, the officer discovered the building fire. A plastic cover that defendant had used while lying in the alley was found in one of the garbage cans where the fire had started.

■ Defendant first contends that his motion for judgment of acquittal should have been granted, because the state failed to prove that he started the fire or acted recklessly. ORS 164.335. There was evidence from which the trier of fact could find the elements of reckless burning beyond a reasonable doubt. Therefore the court did not err in denying defendant's motion. *State v. King,* 307 Or 332, 339, 768 P2d 391 (1989).

■ Defendant next contends that the court erred in sentencing him to pay $500,184 in restitution without first considering his financial resources or ability to pay, as required by ORS 137.106.[1] The judgment provides:

"IT IS FURTHER ORDERED that pursuant to ORS 137.180, a civil judgment shall issue against defendant for the losses to businesses in the sum of $500,184.00 for apportionment to the victims * * *."[2]

---

[1] Before restitution may be ordered, the court must consider:

"(a)  The financial resources of the defendant and the burden that payment of restitution will impose, with due regard to the other obligations of the defendant;

"(b)  The ability of the defendant to pay restitution on an instalment basis or on other conditions to be fixed by the court." ORS 137.106(2).

[2] At the sentencing hearing, the court orally set the monetary obligation at $500,000. However, the judgment set it at $500,184.

The state does not dispute that the court failed to follow ORS 137.106. It argues that the court was not required to, because it did not order restitution, but instead granted a civil judgment under ORS 137.180.[3]

■   ORS 137.180 is not, however, an independent basis to sentence a defendant to repay victims of a crime. It only allows a court to docket a monetary obligation, "whether as a fine, fee, assessment or as costs and disbursements of the action or as restitution," as a civil judgment in the state's favor. The court was obligated to follow ORS 137.106 before sentencing defendant to pay restitution. Restitution must be lawfully determined before it can be docketed as a judgment under ORS 137.180.

Conviction affirmed; civil judgment provision in sentencing order vacated and remanded for reconsideration.

---

[3] ORS 137.180 provides:

"A judgment that the defendant convicted of a crime pay money, whether as a fine, fee, assessment or as costs and disbursements of the action or as restitution, if the judgment is entered in circuit court, shall be docketed, and if the judgment is entered in district court may be docketed, as a judgment in a civil action and with like effect, as provided in ORS 18.320, 18.350, 18.360 and 18.400. The judgment is a judgment in favor of the state and may be enforced only by the state."