STATE OF OREGON,
*Respondent,*

*v.*

ANTONIO SANARRITA,
aka Margarito Silva-Carrillo,
*Appellant.*

(C89-04-31794; CA A62588)

794 P2d 457

Randall J. Wolfe, Portland, argued the cause and filed the brief for appellant.

Ann Kelley, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Joseph, Chief Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendant appeals from convictions for rape in the first degree, ORS 163.375, and kidnapping in the first degree. ORS 163.235. He assigns as error the trial court's denial of his motion for a judgment of acquittal. ORS 136.445. We affirm.[1]

As two 16-year-old females were leaving a Multnomah County motel where they had been visiting a friend, defendant and a male companion drove up and asked them if they wanted to go get some cocaine. They voluntarily got into the car, which defendant was driving. After defendant dropped off his companion, he drove to another residence, where he got out and talked to some people. While he was doing that, the females got out of the car and started to walk away. Defendant then told them that he would drive them home. They voluntarily got back into the car, with defendant and another male companion of his. The four drove to Dodge Park, in Clackamas County, where the men raped the victims.

At trial in Multnomah County, defendant moved for a judgment of acquittal at the close of the state's evidence on counts one and five, which alleged that he had raped the victims in Dodge Park. Defendant argued that there was insufficient evidence to establish venue in Multnomah County as to those counts. The court denied the motion, relying on ORS 131.315(1), which provides:

> "If conduct constituting elements of an offense or results constituting elements of an offense occur in two or more counties, trial of the offense may be held in any of the counties concerned."

The court concluded that there was evidence that "forcible compulsion," an element of rape in the first degree, had taken place in Multnomah County.

We review the evidence in the light most favorable to the state and will sustain the court's action if a rational trier of fact could have found that "forcible compulsion" occurred in Multnomah County. *See State v. King,* 307 Or 332, 339, 768 P2d 391 (1989).

---

[1] Defendant was convicted of four counts of rape and two counts of kidnapping. He makes multiple assignments of error. Only his assignment that the trial court erred in denying his motion for a judgment of acquittal on counts one and five merits discussion.

ORS 163.375(1)(a) provides:

"(1)   A person who has sexual intercourse with a female commits the crime of rape in the first degree if:

"(a)   The female is subjected to forcible compulsion by the male[.]"

ORS 163.305(2) provides:

" 'Forcible compulsion' means physical force that overcomes earnest resistance; or a threat, express or implied, that places a person in fear of immediate or future death or physical injury to self or another person, or in fear that the person or another person will immediately or in the future be kidnapped."

ORS 131.315(6) provides:

"If an offense is committed on the boundary of two or more counties or within one mile thereof, trial of the offense may be held in any of the counties concerned."

The uncontroverted testimony of the arresting officer was that Dodge Park is in Clackamas County, "approximately three miles from the county line." There was no evidence presented that defendant exerted any "physical force," or that defendant made a "threat, express or implied," that placed the victims "in fear" of being physically injured, before the car arrived at the park. However, there was testimony that, after the victims got into the car and when it became apparent to them that they were not being taken home, they protested. One of the victims testified that they were told by defendant and his companion:

"No, we're going to go get some cocaine, do some cocaine and then we'll take you home."

At oral argument, defendant conceded that the jury could have found that the kidnapping commenced at that point.[2] There was also evidence from which the jury could have reasonably inferred that the protest occurred in Multnomah County or within one mile of the boundary line in Clackamas County. One victim testified:

"Q:   What happened on the way? Did you say anything?

---

[2] The residence from which the victims started to walk home was eight or nine miles from Dodge Park. One of the victims testified that from the time they "began driving out towards Dodge Park," she was being transported against her will.

"I'm going to back up a little bit. As you began to go in the direction of Dodge Park, how were you and [the other victim] feeling?

"A:   We were getting scared.

"* * * * *

"Q:   Did you talk about it or did you say anything?

"A:   We started crying and we just said we wanted to go home.

"Q:   What response did they make to that?

"A:   They just kept driving and said that, you know, we had to have sex with them."

We hold that the trial court was correct when it denied defendant's motion. From the evidence, the jury was entitled to infer that defendant threatened a kidnapping. Under ORS 163.305(2), that supplied the element of forcible compulsion taking place in or within one mile of Multnomah County.

Affirmed.