Argued and submitted April 24, affirmed October 30, 1991

# STATE OF OREGON,
*Respondent,*

*v.*

# DEBRA KAY ROSE,
*Appellant.*

## (89CR1129; CA A63331)

819 P2d 757

Peter Gartlan, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Jas. Adams, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

JOSEPH, C. J.

---

* Joseph, C. J., *vice* Newman, J., deceased.

## JOSEPH, C. J.

Defendant appeals her conviction, after a trial on stipulated facts, of possession of a dangerous weapon with intent to use it unlawfully, ORS 166.220, and possession of a controlled substance. ORS 475.992. She assigns error to the court's denial of her motion to suppress and for judgment of acquittal. We affirm.

On May 18, 1989, at 2:10 a.m., Oregon State Police trooper Stupfeld was on patrol in Coquille when he noticed a car being driven erratically. After he activated his car's overhead lights, the other car proceeded 3 blocks before it stopped. Stupfeld approached it and asked the driver for his license. Defendant was sitting in the front passenger seat. As the driver reached for his pocket, defendant lifted a purse that lay on the seat between them. Stupfeld noticed a holster under the purse. He immediately asked defendant whether there was a weapon in the car. She replied that there was and handed him a .22 caliber pistol that had been laid on the seat under her purse. The hammer of the pistol was cocked, the safety was off and there were cartridges in the chamber. Stupfeld put the pistol in his belt.

Stupfeld ordered defendant to get out of the car and to come around to the driver's side and stand near him. He asked her whether she had a concealed weapons permit. She replied that she did not. He asked her if she knew that it is illegal to carry a concealed weapon in a vehicle. *See* ORS 166.250(1). She replied that she had removed the pistol from her purse immediately before the stop.

Stupfeld ordered the driver from the car and discovered, during a frisk, that he possessed two baggies containing methamphetamine. After arresting him and placing him in the patrol car, Stupfeld called for backup, returned to where defendant was standing and advised her of her rights. He then removed her purse from the car and searched it without her consent. Inside the purse, he seized a fabric wallet that contained what to his touch felt like a hard, rigid, metal object. He opened the wallet and found a spoon. He also found a syringe containing what turned out to be methamphetamine. He then searched the car and found a loaded

9 mm. semi-automatic pistol in a zipper pouch behind the driver's seat.

The court concluded that Stupfeld had a reasonable suspicion to support stopping the driver for driving under the influence of intoxicants. It also concluded that, after he was handed the .22 caliber pistol, he had probable cause to believe that defendant had committed a crime. It ruled that, when Stupfeld ordered defendant to get out of the car, she was not under arrest and that the statements that she made at that time were admissible. It also concluded that the search of her purse was permissible incident to her arrest.

■ Defendant argues that she was in custody and was interrogated when Stupfeld asked her whether she knew that carrying a concealed weapon in a car is illegal and that, therefore, he elicited her response in violation of her right against self-incrimination. We conclude that she was then in a "compelling setting" and that, therefore, warnings were required. *See State v. Smith,* 310 Or 1, 7, 791 P2d 836 (1990); *State v. Walker,* 104 Or App 410, 416, 801 P2d 877 (1990), *rev den* 311 Or 187 (1991).

■ However, we also conclude that refusing to suppress her statement, *i.e.,* that she had taken the pistol from her purse immediately before the stop, was harmless.[1] It was cumulative evidence of the only purpose for which it could be used: to prove her intent to use the pistol. There was substantial other evidence that she did intend to use it and little likelihood that the error affected the verdict. *See State v. Hansen,* 304 Or 169, 180, 743 P2d 157 (1987).

■ Defendant also argues that the search of the wallet exceeded the permissible scope of a warrantless search incident to an arrest. *See State v. Caraher,* 293 Or 741, 758, 653 P2d 942 (1982). She asserts that the wallet could not contain any evidence of the crime of carrying a concealed weapon with intent to use it unlawfully. ORS 166.220. Having discovered

---

[1] The motion sought specifically to suppress only the methamphetamine found in defendant's wallet. It mentions, however, "testimonial" evidence as well. In her brief here, defendant appears to acknowledge that Stupfeld was entitled to inquire whether she had a concealed gun permit, which bore on whether she had committed a crime. ORS 131.615.

one concealed weapon, Stupfeld was entitled to search defendant's personal effects for others. *State v. Owens,* 302 Or 196, 202, 729 P2d 524 (1986). He testified that, when he held the wallet, he thought that the object that he felt inside of it might be a knife. A knife can be a concealed weapon. ORS 166.220; ORS 161.015.[2] Under the circumstances, it was reasonable for Stupfeld to open the wallet to ensure that it did not contain a weapon, and the search was also reasonable in time, space and intensity. *State v. Owens, supra,* 302 Or at 204. We conclude that the court did not err when it denied defendant's motion to suppress.

■ Defendant also asserts that there was insufficient evidence of intent for the court to find beyond a reasonable doubt that she intended to use the .22 caliber pistol against Stupfeld. However, the pistol was loaded and cocked, and the safety was off. It lay on the seat outside its holster. Stupfeld was alerted to its presence only when, during the stop, defendant lifted the purse from on top of it and exposed the holster. We look at the evidence with a view to determining whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. King,* 307 Or 332, 339, 768 P2d 391 (1989). We conclude that the court could have found that defendant intended to use the pistol against Stupfeld and that it did not err when it denied defendant's motion for acquittal.

Affirmed.

---

[2] ORS 166.220 provides:

"Any person who attempts to use unlawfully against another, or who carries or possesses with intent to use unlawfully against another, any dangerous or deadly weapon as defined in ORS 161.015, commits a Class C felony."

ORS 161.015 provides:

"(1) 'Dangerous weapon' means any instrument, article or substance which under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or serious physical injury.

"(2) 'Deadly weapon' means any instrument, article or substance specifically designed for and presently capable of causing death or serious physical injury."