Argued and submitted August 28, 1992, reversed March 3, 1993

## STATE OF OREGON,
*Respondent,*

*v.*

## STEPHEN ROBERT MYERS,
*Appellant.*

(91D-104093; CA A72053)

847 P2d 884

Hari Nam S. Khalsa, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Janet A. Klapstein, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

ROSSMAN, P. J.

---

* Leeson, J., *vice* Buttler, J., retired.

## ROSSMAN, P. J.

Defendant appeals his conviction for frequenting a place where controlled substances are used. ORS 167.122(1). He contends that the trial court erred in denying his motion for a judgment of acquittal. We reverse.

On July 31, 1991, Officers Corson and Moore executed a search warrant at defendant's residence.[1] During the search, the officers found drug paraphernalia[2] locked in defendant's dresser drawer in his bedroom but did not find a controlled substance anywhere on the premises. Moore testified that, based on his four and one-half years with the street crimes unit, the amount of drug paraphernalia found in defendant's dresser was more than would be used by a single person.

Defendant was charged under ORS 167.222(1) with frequenting a place where controlled substances are used. The complaint, which tracked the statutory language, alleged that:

> "The defendant * * * unlawfully and knowingly frequent[ed] and remain[ed] at a place * * * while knowingly permitting persons *to use controlled substances in such place*[.]"[3] (Emphasis supplied.)

Defendant was convicted after a trial to a jury. On appeal, he argues that the trial court erred in denying his motion for a judgment of acquittal because the state failed to prove that a controlled substance was *used* at his residence. We view the evidence in the light most favorable to the state to determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. King*, 307 Or 332, 339, 768 P2d 391 (1989).

---

[1] Defendant lived with his mother and one of her friends.

[2] The officers found 17 syringes, 16 bent or burnt spoons, three bottles of water (allegedly used to clean the paraphernalia), and several lighters, matches and cotton and syringe packs.

[3] ORS 167.222(1) provides:

"A person commits the offense of frequenting a place where controlled substances are used if the person keeps, maintains, frequents, or remains at a place, while knowingly permitting persons to *use controlled substances in such place* or to keep or sell them in violation of ORS 475.005 to 475.285, 475.295 and 475.940 to 475.995." (Emphasis supplied.)

Here, one of the essential elements that the state had to prove was that a *controlled substance* was in fact *used* at defendant's residence. ORS 167.222(1). The state, however, produced no such evidence. No controlled substance was found; indeed, all that the state established was that there was drug paraphernalia in the residence. Standing alone, that is insufficient to permit a rational fact finder to conclude beyond a reasonable doubt that defendant or anyone else *used* a *controlled substance* on defendant's premises. Accordingly, we hold that the trial court erred in denying defendant's motion for a judgment of acquittal.

Reversed.