Submitted on remand from the Oregon Supreme Court July 22, 2005, conviction on charge of kidnapping in the second degree reversed; otherwise affirmed; remanded for resentencing January 4, 2006

STATE OF OREGON,
*Respondent,*

*v.*

HOWARD CLIFTON SPARKLIN,
*Appellant.*

0006-34629; A120719

125 P3d 1269

James N. Varner for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Bethany Cunningham, Assistant Attorney General, for respondent.

Before Wollheim, Presiding Judge, and Edmonds* and Schuman, Judges.

---

* Edmonds, J., *vice* Ceniceros, S. J.

WOLLHEIM, P. J.

**WOLLHEIM, P. J.**

This case is before us on remand from the Supreme Court. *State v. Sparklin*, 338 Or 680, 115 P3d 245 (2005). We reverse and remand.

Defendant appeals from judgments of conviction for kidnapping in the second degree, ORS 163.225, burglary in the first degree, ORS 164.225, and two counts of robbery in the second degree, ORS 164.405. Defendant makes two assignments of error: (1) the trial court erred in denying his motion for a judgment of acquittal on the charge of kidnapping in the second degree; and (2) the trial court erred in denying his motion for a judgment of acquittal on the two charges of robbery in the second degree. We originally affirmed defendant's convictions without opinion. *State v. Sparklin*, 197 Or App 203, 107 P3d 84 (2005). However, the Supreme Court vacated our decision, requiring us to reconsider it in light of *State v. Wolleat*, 338 Or 469, 111 P3d 1131 (2005). In light of *Wolleat*, we reverse on defendant's first assignment of error. We reject defendant's second assignment of error without further discussion.

Kidnapping in the second degree is defined by ORS 163.225, which provides, in part:

"(1)   A person commits the crime of kidnapping in the second degree if, *with intent to interfere substantially with another's personal liberty*, and without consent or legal authority, the person:

"(a)   Takes the person from one place to another[.]"

(Emphasis added.) The interpretation of the above-emphasized language is the issue in this appeal.

In *Wolleat*, the defendant was convicted of assault in the fourth degree and kidnapping in the first degree[1] based on his movement of the victim from her bedroom, 15 to 20 feet into the living room, where the defendant repeatedly struck

---

[1] Kidnapping in the first degree, ORS 163.235, requires the state to prove all the elements of kidnapping in the second degree, together with an additional element.

the victim. 338 Or at 471. The defendant moved for a judgment of acquittal on the kidnapping charge, which the trial court denied. On appeal, we affirmed without opinion. In reversing our decision, the Supreme Court held:

> "The evidence, viewed in the light most favorable to the state, shows that defendant moved the victim from the bedroom to the living room, approximately 15 to 20 feet, while he assaulted her. A reasonable juror could infer from the evidence that defendant intended to move the victim the distance that he did. However, an intent to do only that would be insufficient to establish the mental element necessary to prove kidnapping—a point that the legislative history makes clear. In order to find defendant guilty of kidnapping, a reasonable juror would have to be able to infer that defendant intended either to move the victim a greater distance than he did or to transport her to a place of confinement. As our recitation of the facts makes clear, no reasonable juror could draw that inference from this record."

*Id.* at 478.[2]

Here, viewing the evidence in the light most favorable to the state, *State v. King*, 307 Or 332, 339, 768 P2d 391 (1989), we have a similar set of facts. The victim resided with her boyfriend in a two-room apartment consisting of a kitchen and living area, and a bedroom. The victim, whose bed was located in the kitchen and living area, awoke to find defendant on the bed with her. Defendant then put a pillow over the victim's face, although he did not try to suffocate her. The victim's boyfriend awoke and entered the kitchen and living area from the bedroom. Upon seeing the victim's boyfriend, defendant put "one arm around [the victim's] waist and had an arm on the back of [the victim's] shoulder. [The victim's boyfriend] had moved back into the [bedroom] and [defendant] had [the victim] in the doorway * * * [a]nd he

---

[2] Applying the test set out in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993), the court first performed a textual analysis of the phrase "intent to interfere substantially with another's personal liberty" and concluded that the intent of the legislature was unclear. *Wolleat*, 338 Or at 475. Moving on to legislative history, the court found dispositive testimony indicating that the legislature did not intend the crime of kidnapping to encompass room-to-room movements. *Id.* at 476-78.

said, 'I have a knife. I'll kill you.' " Defendant then let the victim go. The victim ran to the kitchen to try to call 9-1-1, but defendant grabbed and disabled the telephone. After another brief exchange, defendant left.

Based on *Wolleat*, the minimal distance that defendant moved the victim from her bed to the doorway, as a matter of law, does not establish that defendant intended to substantially interfere with the victim's personal liberty, nor is there any evidence that defendant intended to transport the victim to a place of confinement. *See also State v. Douglas*, 203 Or App 22, 29, 125 P3d 751 (2005) (holding the defendant's movement of the victims within tavern where robbery occurred insufficient evidence for kidnapping conviction). Therefore, defendant was entitled to a judgment of acquittal on the charge of kidnapping in the second degree.

Conviction on charge of kidnapping in the second degree reversed; otherwise affirmed; remanded for resentencing.