Argued and submitted September 29, 2006, affirmed May 16,
petition for review denied August 14, 2007 (343 Or 206)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DAVID SCOTT LISTON,
*Defendant-Appellant.*

Clackamas County Circuit Court
CR0202348; A123481

159 P3d 335

David Ferry, Deputy Public Defender, argued the cause for appellant. With him on the opening brief were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services. David Scott Liston filed the supplemental brief *pro se.*

Anna Joyce, Assistant Attorney General, argued the cause for respondent. On the brief were Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Katherine H. Waldo, Senior Assistant Attorney General.

Before Edmonds, Presiding Judge, and Armstrong and Wollheim,* Judges.

PER CURIAM

---

* Wollheim, J., *vice* Richardson, S. J.

## PER CURIAM

Following a trial to the court, defendant was convicted of first-degree kidnapping, ORS 163.235, first-degree sexual abuse, ORS 163.427, attempted first-degree sodomy, ORS 161.405; ORS 163.405, and attempted first-degree sexual abuse, ORS 161.405; ORS 163.427. On appeal, defendant makes multiple assignments of error, challenging the sufficiency of the state's evidence underlying each of his convictions and raising several objections to the lawfulness of his sentences. We write only to address briefly the sufficiency of the state's evidence as to two of the offenses and affirm.

A detailed description of the facts would not benefit the bench, the bar, or the public. For present purposes, it is sufficient to note that defendant's convictions arise from an incident in which he is alleged to have sexually abused his girlfriend's daughter after locking her in a bedroom and tying her to the bed. The victim's mother, returning home from work unexpectedly, found defendant emerging from the bedroom naked and her daughter still tied to the bed. The victim, a severely autistic 11-year-old girl, was unable to testify at trial. As a result, much of the state's evidence concerning what had taken place in the bedroom was circumstantial, including the testimony of the victim's mother and police officers who responded to the scene.

■ Emphasizing the largely circumstantial nature of the state's case, defendant argues that the state's evidence was legally insufficient to support his convictions for attempted sexual abuse and attempted sodomy because it provided no basis from which to infer that defendant acted with the requisite specific intent. According to defendant, even assuming that a rational factfinder could infer from the state's evidence that he had intended to commit some kind of sexual conduct with the victim, there is no basis from which a factfinder could conclude that he specifically intended to commit sodomy and sexual abuse as opposed to other sexual conduct. Defendant argues that there are also a variety of other activities that are equally consistent with the evidence that defendant may have been contemplating.

■ We disagree. In reviewing the denial of a motion for a judgment of acquittal, we examine the evidence in the light most favorable to the state in order to determine whether a rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *State v. King*, 307 Or 332, 339, 768 P2d 391 (1989). After carefully reviewing the record in this case, we readily conclude that the facts—including several details that the parties overlooked in their briefing— provide a legally sufficient basis for defendant's convictions. The evidence is such that a rational trier of fact could conclude, beyond a reasonable doubt, that defendant specifically intended to commit sodomy and sexual abuse, and that he took a substantial step toward the commission of those offenses. The trial court did not err in denying defendant's motions for a judgment of acquittal.

Defendant advances other arguments, all of which we reject without discussion.

Affirmed.