Argued and submitted April 13, Ridgeview High School, Redmond; affirmed
September 21, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SHAWN ALLEN MARKWELL,
aka Shawn A. Markwell,
*Defendant-Appellant.*

Multnomah County Circuit Court
14CR13771; A158500

383 P3d 285

Kyle Krohn, Deputy Public Defender, argued the cause for appellant. With him on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Inge D. Wells, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Robert M. Wilsey, Assistant Attorney General.

Before Duncan, Presiding Judge, and DeVore, Judge, and Flynn, Judge.

## DUNCAN, P. J.

Defendant was charged with being a felon in possession of a restricted weapon, ORS 166.270(2), and carrying a concealed weapon, ORS 166.240, for carrying in his pocket a knife that, as relevant here, the state alleged had "a blade that projects or swings into position by force of a spring."[1] Defendant's case was tried to the court, and, during the trial, defendant moved for a judgment of acquittal on both counts, arguing that the state had failed to present legally sufficient evidence that the knife's blade projects or swings into place by force of a spring. The trial court denied the motion and subsequently found the defendant guilty of both charged counts. Defendant appeals, assigning error to the trial court's denial of his motion for judgment of acquittal.

We review a trial court's denial of a defendant's motion for judgment of acquittal for legal error, viewing the evidence in the light most favorable to the state, to determine whether a reasonable trier of fact could find proof of each of the elements of the crime beyond a reasonable doubt. *State v. Davis*, 360 Or 201, 205, 377 P3d 583 (2016); *State v. King*, 307 Or 332, 339, 768 P2d 391 (1989) (a reviewing court's decision "is not whether [it] believe[s] defendant is guilty beyond a reasonable doubt, but whether the evidence is sufficient for a jury so to find"). Because, as explained below, we conclude that, based on the evidence presented in the trial court, a reasonable trier of fact could find that

---

[1] ORS 166.270(2) provides, in part:

"Any person who has been convicted of a felony under the law of this state or any other state, or who has been convicted of a felony under the laws of the Government of the United States, who owns or has in the person's possession or under the person's custody or control any instrument or weapon having a blade that projects or swings into position by force of a spring or by centrifugal force * * *, commits the crime of felon in possession of a restricted weapon."

ORS 166.240(1) provides, in part:

"Except as provided in subsection (2) of this section, any person who carries concealed upon the person any knife having a blade that projects or swings into position by force of a spring or by centrifugal force * * *, commits a Class B misdemeanor."

In the charging instrument, the state alleged that the blade moved by force of a spring or centrifugal force. The trial court expressly found that the blade does not move by centrifugal force and, at oral argument, the state conceded that the blade does not move by centrifugal force.

defendant's knife has a blade that swings into position by force of a spring, we affirm.

At trial, the state presented the testimony of the officer, Zelinka, who, when responding to an unrelated call, spoke with defendant and learned that defendant was on probation for a felony. Zelinka asked defendant if he was carrying weapons, and defendant answered that he had a knife in his pocket. Zelinka removed the knife from defendant's pocket. Because he believed that the knife was a type that could not be legally carried concealed upon a person or possessed by a felon, Zelinka arrested defendant.

The state offered the knife as an exhibit, and the trial court admitted it into evidence. When closed, the knife blade sits within the knife handle. The knife has no visible springs, and it is quite narrow. The knife has two nubs, one on the top and one on the bottom, and each can be used to open the knife.

Zelinka testified that, based on his experience, both personally and professionally, a knife that has nubs opens either by the force of a spring or by centrifugal force. While testifying, Zelinka demonstrated how the knife could be opened using the bottom nub. He also explained that, when he used his finger to put pressure on the nub, the knife blade moved into the open position "with very little effort." According to Zelinka, the knife "flung open."

To open the knife using the bottom nub, a person pulls the nub backward. When the nub is pulled backward, the blade moves into position rapidly, at a speed that exceeds the speed at which the nub is being moved. The nub is not like a button that is pushed to release a spring lock and, thereby, enable a spring to expand and push out a blade.

The trial court examined the knife and noted:

> "[T]he blade swings into position when you press the very slight—when you press with very slight force on a nub on the outside of the blade. The blade itself, there's some markings, it says it's a Tac-Force Speedster Model indicating that there's some speed involved in the—how quickly the blade comes into position."

The court commented, "I look at the knife and I cannot see a spring, but it certainly feels like it is springing into place." The court also observed that, when closing the knife, resistance can be felt, which suggested "some sort of spring action."

On appeal, defendant contends that the state did not present sufficient evidence to establish that the knife blade moves into position by force of a spring. Defendant notes that "[t]he trial court inspected the knife and was unable to locate a spring." Defendant further notes that the "knife does not appear to have any room for a spring" and that the "state presented no evidence of the knife's design."

We agree with defendant that the knife contains no visible spring, but we disagree that the trial court erred by denying defendant's motion for judgment of acquittal. Although the mechanism by which the knife blade moves into position is not visible, a reasonable trier of fact could find that the mechanism is a spring.

Defendant contends that the applicable definition of "spring" is the dictionary definition. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993) (when interpreting statutes, courts give words of common usage their "plain, natural, and ordinary meaning"). As defined by *Webster's Third New Int'l Dictionary* 2210 (unabridged ed 2002), a "spring" is "an elastic body or device that recovers its original shape when released after being distorted; specif[ically]: one designed for some specific use (as to check recoils, to diminish concussion and jar, to store up energy)[.]" (Emphasis and boldface omitted.). That definition is broad; a spring need not have a particular shape or size. Under the definition, whether an object is a spring depends on its function.

In this case, although no spring was visible, a reasonable trier of fact could find, as required to establish both of the crimes with which defendant was charged, that the blade of defendant's knife moves into position by force of a spring, that is, an object of any shape or size that returns to its original shape after being distorted. Admittedly, it is not readily apparent what type of spring might be in the knife

or where it might be located, but, given the characteristics of the knife, a reasonable trier of fact could find that it contains a spring that moves the blade into position. As noted, it takes only a small amount of pressure on the nub to open the knife, and when the pressure is applied and the nub is pulled back, the blade moves into the open position at a rapid rate that exceeds the speed at which the nub is being pulled back. Those characteristics suggest that the force applied by the person opening the knife is increased by a mechanism within the knife. That suggestion is reinforced by the name of the knife. In addition, as the trial court noted, when closing the knife, resistance can be felt. That characteristic permits a reasonable inference that, when the knife is being closed, a spring is being compressed.

Given the characteristics of the knife—particularly, that it flies open and that there is resistance when it is being closed—a reasonable trier of fact could find that the blade swings into position by force of a spring. Therefore, the trial court did not err in denying defendant's motion for judgment of acquittal.

Affirmed.