***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted August 17, affirmed September 8, petition for review denied
December 29, 2022 (370 Or 694)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

WARREN ALEXANDER RICH,
aka Warren Rich, aka Warren Alex Rich,
aka Warren Anthony Rich,
*Defendant-Appellant.*

Jackson County Circuit Court
18CR71292; A174722

Lorenzo A. Mejia, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kristin A. Carveth, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant. Warren Rich filed the supplemental brief *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Julia Glick, Assistant Attorney General, filed the briefs for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Defendant appeals a judgment convicting him of attempted first-degree murder, attempted first-degree assault (merged with the attempted murder), unlawful use of a weapon, felon in possession of a firearm, two counts of first-degree burglary, and one count of second-degree criminal mischief. He argues on appeal that the trial court plainly erred in failing to acquit him *sua sponte* on the attempted first-degree murder and attempted first-degree assault charges because there was insufficient evidence that he fired his weapon at the victim. On review, we consider the facts in the light most favorable to the state and draw all reasonable inferences in the state's favor to determine whether the evidence was sufficient to permit a rational factfinder to find all the elements of the charged crime beyond a reasonable doubt. An extended discussion of the facts and arguments would not benefit the bench, the bar, or the public. Evidence was presented that defendant shot a cell phone, and disputed evidence was presented that he also shot at a police officer. "It is not proper for [a reviewing court] to hold that there is a reasonable doubt because of conflicts in the evidence." *State v. King*, 307 Or 332, 339, 768 P2d 391 (1989). The court did not error or plainly err in failing to acquit defendant of attempted first-degree murder or attempted first-degree assault.

Defendant also asserts in a *pro se* supplemental brief that the trial court plainly erred in failing to merge his conviction for felon in possession of a firearm with the conviction for attempted first-degree murder. The trial court did not err or plainly err, as each of those offenses contains an element that the other does not. ORS 161.067(1).

Affirmed.