Argued and submitted November 1, 1985, reversed and remanded with instructions
August 6, 1986

## HOWARD,
*Appellant,*

*v.*

## JAMMER CYCLE PRODUCTS, INC. et al,
*Respondents.*

### (40021; CA A33094)

723 P2d 1012

J. Richard Urrutia, Eugene, argued the cause for appellant. On the brief were Donald A. Bick and Bick & Monte, P.C., Eugene.

John Folawn, Portland, argued the cause for respondent Jammer Cycle Products, Inc. On the brief were Lee Aronson and Holmes, DeFrancq & Schulte, P.C., Portland.

Sarah K. Rinehart, Salem, argued the cause for respondents Mike Farmer and Joy Farmer dba M & J Custom Bikes. On the brief were Sam F. Speerstra and Rhoten, Rhoten & Speerstra, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Plaintiff brought this action to recover damages for personal injuries and property damage sustained in a motorcycle accident. He appeals from the judgment entered on a jury verdict finding him 50 percent at fault.[1] We reverse and remand with instructions.

The accident occurred on April 16, 1980, when the front wheel of plaintiff's customized Harley-Davidson motorcycle struck a large pothole. Plaintiff alleges that hitting the pothole caused him to lose control of the motorcycle because its modified front forks, manufactured by defendant Jammer Cycle Products, Inc., and sold to him by defendants Farmer, were defectively designed and were sold without adequate instruction for assembly. The issue on appeal is whether evidence of plaintiff's unrelated felony conviction on March 12, 1984, for the unlawful possession of marijuana was admissible under OEC 609(1)(a) for the purpose of impeaching his credibility without first weighing the probative value of the evidence against its prejudicial effect under either OEC 609(1)(a) or OEC 403.

OEC 609 sets forth the circumstances under which a witness may be impeached by evidence of a conviction. OEC 609(1) distinguishes crimes that do not inherently involve elements of untruthfulness, deceit or false statement, from those that do. It provides:

"For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime in other than a justice's court or a municipal court shall be admitted if elicited from the witness or established by public record, but only if the crime (a) was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (b) involved false statement."

Defendants concede that the crime of unlawful possession of

---

[1] The jury determined that plaintiff sustained $10,000 in general damages, $2,403.99 in special damages, and $2,000 in property damages. Defendants were awarded a $2,000 setoff against the property damage award, and judgment was entered for plaintiff in the amount of $6,201.99.

marijuana does not involve false statement; therefore, evidence of plaintiff's conviction was properly admitted only if it was admissible under OEC 609(1)(a).

Plaintiff contends, alternatively, that OEC 609(1)(a) applies only to criminal cases; or, if it applies to civil actions, the trial court, pursuant to the statute, was required to determine that the probative value of the conviction, as to his credibility, outweighed its prejudicial effect; or, if the balancing prescribed in OEC 609(1)(a) does not apply in civil actions, the trial court was required to determine that the prejudicial effect did not substantially outweigh its probative value under the general, less protective standards set forth in OEC 403. He argues that, if balancing is required under either OEC 609(1)(a) or OEC 403, the trial court erred in failing to apply the balancing process before it allowed evidence of his conviction to be introduced.

Plaintiff bases his first two contentions on a strictly grammatical interpretation of OEC 609(1)(a). He points out that it appears to set forth a two-prong test for admissibility: (1) that the crime be a felony, and (2) that the probative value of the evidence outweigh the prejudicial effect to the *defendant*. He contends that, because there is no "defendant" in the criminal sense involved in civil actions, the second prong of the test either renders OEC 609(1)(a) inapplicable in civil actions or that, in civil actions, "defendant" must be read broadly to encompass all parties potentially prejudiced by the proffered evidence.

Before the enactment of OEC 609 in 1981, evidence that a witness had been convicted of *any* crime was admissible to impeach the witness' credibility in both criminal and civil cases. No distinction was drawn between types of crimes and no balancing was prescribed or permitted. *Smith v. Durant,* 271 Or 643, 534 P2d 955 (1975). In contrast, OEC 609 clearly distinguishes between crimes that inherently reflect on the perpetrator's credibility and those that do not; the last phrase of subsection (1)(a) provides that evidence of conviction of the latter may be admitted only if the crime is a felony and only if the trial court determines, at least in criminal cases, apparently, that the probative value of the proffered evidence outweighs its prejudicial effect to the defendant.

Whether any part of OEC 609 applies to civil cases

has not been decided in Oregon. The legislative commentary does not suggest that the drafters intended to ·limit the introduction of evidence under subsection (1)(a) to criminal cases; however, it does suggest that the prescribed balancing test is applicable only in criminal cases.[2] The statute is ambiguous, and the courts may consider the commentary as a guide to interpretation, although they are not bound by it.

Given the state of the law that existed before OEC, we conclude that OEC 609(1) applies to civil cases, as well as to criminal cases, forgetting for the moment the balancing test. We do so because it is apparent that the earlier law permitted evidence of *any* conviction for the purpose of impeaching a witness, regardless of the seriousness of the crime or the probative value of the conviction with respect to credibility. OEC 609 softens the earlier law in order to provide ᴠ more assurance that evidence of a conviction, on its face, has some probative value. We perceive no persuasive reason to restrict the first portion of OEC 609(1)(a) to criminal cases.

■    With respect to the balancing test contained in subsection (1)(a), its application to civil cases is more problematical, because of the use of the word "defendant." If we were writing on a clean slate, we would conclude that the reference to "defendant" in the balancing test was unintentional. It makes little sense to apply the rule in a bifurcated manner in civil cases. Unfair prejudice to a *party* may. result

---

[2]

"Paragraph (a). This paragraph is identical to paragraph (1) of subdivision (a) of Federal Rule 609. The federal commentary makes it clear that the balancing of probative value against prejudice only applies in a criminal case, and then only on behalf of·the defendant. A felony conviction is otherwise automatically admissible to impeach a witness:

" 'With regard to the discretionary standard established by paragraph (1) of rule 609(a), the Conference determined that the prejudicial effect to be weighed against the probative value of the conviction is specifically the prejudicial effect *to the defendant.* The danger of prejudice to a witness other than the defendant (such as injury to the witness' reputation in [the] community) was considered and rejected by the Conference as an element to be weighed in determining admissibility. It was the judgment of the Conference that the danger of prejudice to a nondefendant witness is outweighed by the need for the trier of fact to have as much relevant evidence on the issue of credibility as possible. Such evidence should only be excluded where it presents a danger of improperly influencing the outcome of the trial by persuading the trier of fact to convict the defendant on the base of [the defendant's] prior criminal record.' " (Emphasis in original.)

from admission of the evidence in both criminal and civil cases. Although the consequences of admitting it may be more severe in criminal cases, a party in a civil case may be treated unfairly by the jury because it may view the party as a bad person, even though the conviction has little or nothing to do with his believability. The same reasons apply in both categories of cases and, if the legislature had intended to limit the balancing test to the defendant in a criminal case, it could have done so in clear, unambiguous language. Accordingly, we would hold, if we were free to do so, that the balancing test applies to any *party* to litigation.

■    However, we do not write on a clean slate. In *State v. McClure,* 298 Or 336, 343, 692 P2d 579 (1984), a criminal case, the court accepted the view expressed in the legislative commentary. It stated:

> "The commentary [to OEC 609] makes it clear that the balancing of the probative value against the prejudice only applies in a criminal case, and then only on behalf of the defendant in a criminal case."

Given the court's acceptance of the commentary, we hold that subsection (1)(a) applies generally to both criminal and civil actions, but that its balancing test applies only to the defendants in criminal cases.

■    We next consider plaintiff's contention that balancing probative value against prejudicial effect is required under OEC 403, regardless of whether the evidence is otherwise admissible under OEC 609. OEC 403 provides:

> "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence."

It is apparent that the weighing prescribed in OEC 403 applies to any relevant evidence and is more conducive to the admissibility of evidence than is its counterpart in OEC 609(1)(a). As stated in Kirkpatrick, *Oregon Evidence,* Rule 609, Art VI at 251 (1982):

> "[Under OEC 609(1)(a)] [t]he burden is upon the prosecutor to prove that the probative value of the prior conviction outweighs its prejudice to the defendant. *United States v. Hendershot,* 614 F2d 648, 653 (9 Cir 1980); *United States v.*

*Hayes,* 553 F2d 824, 828 (2 Cir), *cert denied* 434 US 867 (1977); *United States v. Mahone,* 537 F2d 922, 928 (7 Cir), *cert denied* 429 US 1025 (1976). If the balance is even, exclusion of the prior conviction is required. The standard of Rule 609 is the converse of Rule 403. Rule 609 requires that the probative value outweigh the prejudice before the prior conviction may be admitted, whereas Rule 403 requires that the probative value of evidence be substantially outweighed by prejudice before it will be excluded."

We note, therefore, that applying OEC 403 to evidence otherwise admissible in criminal cases under OEC 609 does not nullify the effect of the distinction made in that rule between crimes that involve false statement and those that do not. We also note that the courts that have addressed this issue with respect to the analogous sections of the Federal Rules of Evidence, from which OEC 609 and OEC 403 were derived, are divided. *See, e.g., Shows v. M/V Red Eagle,* 695 F2d 114 (5th Cir 1983); *Diggs v. Lyons,* 741 F2d 577 (3d Cir 1984).

Unfair prejudice is possible whenever an attempt is made to impeach a party by evidence of a conviction of a felony. In a criminal case, the result of admission of evidence that the defendant has a prior conviction may be a conviction based not on evidence of the crime charged, but on the defendant's criminal past; that is, that the defendant is a bad person. The same problem may occur in a civil action if there is evidence that a party has a felony conviction. The jury, believing that party to be a bad person, may be more inclined to attribute fault to him or more inclined to award less in damages if the party is the plaintiff, or more if the party is the defendant. The prejudice, however, must be to a party, not to one who is only a witness. We conclude, therefore, that the tests prescribed by OEC 403 are intended to apply to evidence otherwise admissible under OEC 609(1)(a).

■ Whether evidence of plaintiff's conviction for unlawful possession of marijuana should have been excluded under OEC 403 is for the trial court to decide in the first instance. If it weighs the probative value against the prejudicial effect, as required by OEC 403, we will not disturb its conclusion, although we may disagree with it, unless the conclusion is outside the range of permissible discretion. Here, the trial court denied plaintiff's motion *in limine* on the

ground that no balancing test was required.[3] Because the trial court erred in ruling as it did and because we cannot say that the error was harmless, we remand to the trial court to consider the admissibility of the evidence in the light of OEC 403. If, after weighing its probative value[4] against the danger of unfair prejudice,[5] the court concludes that the evidence should be admitted, the court shall re-enter the judgment; otherwise, plaintiff is entitled to a new trial.

Reversed and remanded with instructions to weigh the evidence pursuant to OEC 403 and, if it is still held to be admissible, re-enter the judgment; otherwise to grant plaintiff a new trial.

---

[3] Although plaintiff raised the OEC 403 balancing test before the trial, most of the argument appears to have involved OEC 609, and the trial court's ruling may have related only to the latter. On plaintiff's motion for a new trial, the trial court commented that it did not believe that the evidence was very prejudicial or that it affected the outcome of the trial; it did not address the probative value of the evidence.

[4] In *State v. McClure, supra,* 298 Or at 353, the court stated:

"We assume, as did the Joint Interim Committee on the Judiciary, that the fact that a witness has been convicted of *any* felony within the prescribed time limits has some relevancy to credibility even though the crime might rate low on the credibility scale." (Emphasis in original.)

[5] The potential for unfair prejudice is evidenced by the trial court's inadvertent reference to plaintiff as the defendant.