Argued and submitted March 31, affirmed May 18, reconsideration denied July 22, petition for review denied August 30, 1988 (306 Or 528)

STATE OF OREGON,
*Respondent,*

*v.*

EDGAR FLOYD DICK,
*Appellant.*

(87CR0126; CA A45227)

754 P2d 628

Stephen J. Williams, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Graber, Judges.

GRABER, J.

## GRABER, J.

Defendant was convicted of possession of a controlled substance (ORS 167.238), felony driving while revoked (ORS 153.623(21)(c)), reckless driving (ORS 153.623(20)), and attempting to elude a police officer (ORS 153.623(24)). He assigns as error the trial court's denial of his motion *in limine* to exclude his prior felony conviction for manufacture of a controlled substance. Defendant testified, and his prior conviction was admitted for the purpose of impeachment. We affirm.

Defendant argues that the probative value of his prior conviction was substantially outweighed by its prejudicial effect under the balancing test of OEC 403 and *State v. Johns,* 301 Or 535, 725 P2d 312 (1986). He relies on *Howard v. Jammer Cycle Products,* 80 Or App 492, 723 P2d 1012 (1986), for the proposition that OEC 403 applies to evidence otherwise admissible under OEC 609(1)(a). The state argues that, under OEC 609(1)(a), as amended in 1986,[1] defendant's felony conviction was admissible for impeachment purposes, whether or not it might previously have been excluded as more prejudicial than probative. The trial court agreed with the state. It declined to apply a balancing test and held that the prior conviction could be admitted for the purpose of impeachment.

In order to analyze the effect of the 1986 amendment to OEC 609, we trace the history of that rule briefly. Before 1981, when OEC 609 was enacted, evidence of a prior conviction was admissible to impeach a witness's credibility in any case; no "balancing test" was prescribed or permitted. *Smith v. Durant,* 271 Or 643, 658-61, 534 P2d 955 (1975); *Marshall v. Martinson,* 268 Or 46, 51, 518 P2d 1312 (1974).

OEC 609, before the 1986 change, altered the standard for admissibility of prior crimes evidence. *Former* OEC 609(1) provided:

"For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime in other than a justice's court or a municipal court shall be admitted if elicited from the witness or established by public record, but only if the crime (a) was punishable by death or

---

[1] *See, infra,* 91 Or App at 297.

imprisonment in excess of one year under the law under which the witness was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (b) involved false statement."

The rule distinguished between *crimen falsi, automatically* admissible in a criminal case, and felonies, admissible only if the trial court applied a balancing test. *State v. Reitz,* 75 Or App 82, 84-85, 705 P2d 762, *rev den* 300 Or 180 (1985); Kirkpatrick, *Oregon Evidence* 243-45 (1982).

Ballot Measure 10 amended OEC 609(1)(a) to delete the portion of the sentence which prescribed a weighing of probative value against prejudicial effect. The voters also approved this statement of purpose:

"PURPOSE — We, the people of the State of Oregon, declare that victims of crime are entitled to fair and impartial treatment in our criminal justice system. The purpose of this ballot measure is to declare to our legislature and our courts that victims' rights shall be protected at each stage of the criminal justice system. We reject the notion that a criminal defendant's rights must be superior to all others. By this measure we seek to secure balanced justice by eliminating unbalanced rules." Or Laws 1987, ch 2, § 2.

■    As amended by the omission of the weighing process, OEC 609(1)(a) provides that evidence of a prior crime "*shall* be admitted * * * if the crime (a) was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, or (b) involved false statement or dishonesty." (Emphasis supplied.) That passage is almost identical to a rule that had been proposed, but rejected, when *former* OEC 609 was adopted. *See State v. McClure,* 298 Or 336, 346-48, 692 P2d 579 (1984). On the basis of the nondiscretionary rule that existed *before* OEC 609, the nondiscretionary rule that continued to apply under *former* OEC 609(1)(b), the deletion of the balancing test from *former* OEC 609(1)(a), and the stated purpose of the ballot measure, it is clear that the voters intended to *require* trial courts to admit evidence of prior convictions for the purpose of impeaching a criminal defendant, without discretion.

Defendant argues that, under *Howard v. Jammer Cycle Products, supra,* OEC 403 applies to any evidence otherwise admissible under OEC 609. In *Howard,* we held that the

balancing test in *former* OEC 609(1)(a) was inapplicable in a civil case; nonetheless, the test prescribed by OEC 403 still must be used. 80 Or App at 498. To the extent that *Howard* is inconsistent with this opinion, it is no longer controlling by reason of the amendment of OEC 609(1)(a).[2]

■ OEC 403, which permits the exclusion of relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, is a general rule. It was not designed to override specific rules, such as OEC 609, but rather to provide a guide for situations in which no specific rules have been formulated. "When, in the same statutory scheme, there is both a specific provision and a general one, the latter of which includes matter embraced in the former, and the two cannot be harmonized, the particular provision controls over the general." *Steamboaters v. Winchester Water Control Dist.,* 69 Or App 596, 599, 688 P2d 92 (1984), *rev den* 298 Or 553 (1985); *see also South Benton Ed. Assn. v. Monroe Union High,* 83 Or App 425, 430, 732 P2d 58, *rev den* 303 Or 331 (1987). Although federal courts that have addressed this issue under analogous sections of the Federal Rules of Evidence, from which OEC 609 and OEC 403 are derived,[3] are divided, the better reasoned cases hold that Rule 403 applies to any situation *unless* another rule either bars certain evidence or sets up a decision-making procedure inconsistent with a Rule 403 weighing. *See, e.g., Diggs v. Lyons,* 741 F2d 577, 579-82 (3rd Cir 1984); *United States v. Wong,* 703 F2d 65, 67-68 (3rd Cir 1983); *United States v. Kiendra,* 663 F2d 349, 353-55 (1st Cir 1981); *United States v. Leyva,* 659 F2d 118, 121-22 (9th Cir 1981); *United States v. Toney,* 615 F2d 277, 279-80 (5th Cir 1980); *Moore v. Volkswagenwerk, A.G.,* 575 F Supp 919, 921-22 (D Md 1983).

Ballot Measure 10 expressly revised OEC 609(1)(a) to track *former* OEC 609(1)(b)[4] and, thus, to preempt any OEC

---

[2] We need not decide whether *Howard* still governs in civil cases or in criminal cases where the witness is someone other than the defendant.

[3] *Howard v. Jammer Cycle Products, supra,* 80 Or App at 498.

[4] Our construction of OEC 609(1) does not render meaningless the distinction between subsections (a) and (b). For a crime not involving false statement or dishonesty to be admissible, it must involve a penalty of death or more than one year's imprisonment. In contrast, a crime involving false statement or dishonesty is admissible, even if it was subject to a lesser punishment.

403 or other weighing. That being so, the trial judge correctly denied defendant's motion *in limine*. When defendant testified, admission of a prior conviction that met the definition of OEC 609(1)(a) was mandatory.

Affirmed.