Argued and submitted May 28, reversed and remanded November 3, 1993, reconsideration denied January 19, petition for review denied February 1, 1994
(318 Or 351)

STATE OF OREGON,
*Appellant,*

*v.*

PABLO VENEGAS,
*Respondent.*

(DA 452178; CA A73138)

862 P2d 529

Janet A. Klapstein, Assistant Attorney General, argued the cause for appellant. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Louis R. Miles, Deputy Public Defender, argued the cause for respondent. With him on the brief was Sally L. Avera, Public Defender.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

The issue presented in this case is whether a trial court may, under OEC 609, limit the introduction of impeachment evidence regarding a witness' prior felony conviction by allowing the state to prove the *existence* of a prior conviction, but preventing it from disclosing to the jury the *name* of the crime for which the witness was convicted. We hold that the court may not limit evidence under OEC 609 to such an extent. Accordingly, we reverse.

Defendant was charged with prostitution. ORS 167.007. Before jury selection, he moved to limit the introduction of evidence regarding the nature of his prior felony conviction for possession of a controlled substance. He asked that evidence of the existence of that conviction be admitted under OEC 609, but that the jury not be told the specific crime for which he had been convicted. The court concluded that the nature of defendant's felony conviction was prejudicial and without any probative value. It allowed defendant's motion and prohibited the state "from offering evidence of the name of the offense of which the defendant was convicted[.]" The state appeals. ORS 138.060(3).

OEC 609 provides:

"(1) For the purpose of attacking the credibility of a witness, *evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record*, but only if the crime (a) was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, or (b) involved false statement or dishonesty.

"(2) Evidence of a conviction under this section is not admissible if:

"(a) A period of more than 15 years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date; or

"(b) The conviction has been expunged by pardon, reversed, set aside or otherwise rendered nugatory.

"(3) When the credibility of a witness is attacked by evidence that the witness has been convicted of a crime, the witness shall be allowed to explain briefly the circumstances of the crime or former conviction; once the witness explains

the circumstances, the opposing side shall have the opportunity to rebut the explanation." (Emphasis supplied.)

In sum, OEC 609(1) *requires* evidence of a prior felony conviction to be admitted in order to impeach a witness, provided that the conviction is not stale and has not been set aside, and subject to the witness' right to explain the circumstances surrounding the conviction. The rule does not allow trial courts to engage in a process of weighing the probative value of the evidence against its prejudicial effect before admitting impeachment evidence of prior convictions. *State v. Minnieweather*, 99 Or App 166, 170-71, 781 P2d 401 (1989); *State v. Dick*, 91 Or App 294, 298-99, 754 P2d 628, *rev den* 306 Or 528 (1988).

Evidence of a witness' prior felony convictions can be elicited from the witness or established by public record, *e.g.*, the judgment of conviction. OEC 609(1). Although an extensive inquiry into the facts behind a judgment of conviction may in some cases be too time-consuming, cumulative or confusing to the jury, and therefore may be limited by the trial judge, *see Boger v. Norris & Stevens, Inc.*, 109 Or App 90, 96, 818 P2d 947 (1991), *rev den* 312 Or 588 (1992), OEC 609 does not prevent the state from showing the nature of prior felony convictions that meet the other requirements of that rule.

Given that OEC 609(1) allows evidence of prior convictions to be admitted without resort to the judicial process of weighing probative value against prejudicial effect, the trial court erred when it excluded evidence of the nature of defendant's prior felony conviction on the ground that it was prejudicial and without any probative value. *See* OEC 403. As the Supreme Court held in *State v. King*, 307 Or 332, 337, 768 P2d 391 (1989), "[i]n the context of evidence presented pursuant to OEC 609, * * * [such] balancing is impermissible."

Reversed and remanded.