Argued and submitted November 1, 1996; resubmitted In Banc September 4, reversed and remanded October 15, 1997

# STATE OF OREGON,
*Appellant,*

*v.*

# JEFFREY BLAKE ARCHER,
*Respondent.*

(95NB1538; CA A93104)

947 P2d 620

Janet A. Klapstein, Assistant Attorney General, argued the cause for appellant. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

No appearance for respondent.

EDMONDS, J.

Armstrong, J., dissenting.

**EDMONDS, J.**

Defendant is charged with the offense of driving while under the influence of intoxicants. ORS 813.010. Before trial, he moved *in limine* to exclude evidence about his prior conviction for driving while suspended (DWS). The trial court granted his motion, and the state appeals. ORS 138.060(3). We reverse.

The court's order provides:

"[I]t is

"HEREBY ORDERED THAT defendant's motion in limine is granted. The Court holds that if the defendant is asked by his attorney if he has ever been convicted of a crime and if he admits to a conviction for Driving While Suspended, or if his attorney asks him if he has ever been convicted of the crime of Driving While Suspended and the defendant admits that he has, then the State may not ask the defendant on cross-examination if the crime was a felony nor may the State introduce his judgment of conviction as impeachment evidence."

The state argues that the trial court's ruling is contrary to OEC 609(1) and our holding in *State v. Venegas*, 124 Or App 253, 862 P2d 529 (1993), *rev den* 318 Or 351 (1994). OEC 609(1) provides:

"For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record, but only if the crime (a) was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, or (b) involved false statement or dishonesty."

Defendant's prior conviction for driving while suspended was under ORS 811.182 and it is undisputed that the conviction was for a crime that was punishable by imprisonment for more than one year. The trial court based its ruling on its understanding of the holding in *State v. Pratt*, 316 Or 561, 853 P2d 827, *cert den* 510 US 969, 114 S Ct 452, 126 L Ed 2d 384 (1993). It reasoned that OEC 403 authorizes a trial court to exercise its discretion to exclude evidence offered

under OEC 609 if the probative value of the evidence is substantially outweighed by the consideration of the needless presentation of cumulative evidence. It explained that to permit the state to establish that defendant's prior conviction was a felony "run[s] the risk of creating unfair prejudice and misleading the jury, and/or at least it is unnecessarily cumulative." The court concluded:

> "I think the only reason that the state wants to bring out the fact that this particular crime was a felony would be to somehow encourage the jury to find that [defendant] must be guilty of this crime because he had been previously convicted not just of driving while suspended, but driving while suspended which was a felony * * *. I do find it is * * * unnecessarily cumulative and would be prejudicial[.]"

In *Pratt*, the court upheld the exclusion by the trial court of a proffered judgment of conviction as a proper exercise of discretion after the witness had admitted on direct examination that he had been convicted of several felonies. The defendant proposed to impeach the witness by demonstrating the witness' probationary status as well as the existence of other dismissed charges from the judgments. The Supreme Court concluded that impeachment evidence offered under OEC 609 was not exempt from the impact of OEC 403, which permits a trial court to exclude needless and cumulative evidence. Here, the information that defendant's conviction was a felony was not cumulative because it did not repeat information already elicited on direct examination or otherwise in the record.[1]

In *Venegas*, we held that the trial court erred when it excluded evidence of the nature of the defendant's prior felony conviction on the ground that it was prejudicial and without any probative value under OEC 403. The issue in that case was whether the trial court could limit the introduction

---

[1] The dissent's reliance on *Pratt* is misplaced. The court's ruling does not refer to the evidence to which the dissent alludes. Rather, the ruling says, "In this case, the trial court exercised its discretion to exclude documentary evidence of some of [the witness's] prior convictions, because that evidence was cumulative of [his] own testimony regarding his criminal record. We find no abuse of discretion in that ruling." 316 Or at 573. Here, the evidence, which the trial court excluded through its pretrial order, could not have been cumulative. It was the only evidence that defendant's prior conviction was a felony.

of impeachment evidence regarding a witness' prior felony conviction under OEC 609 by preventing the state from disclosing to the jury the name of the crime for which the witness was convicted. We held that the trial court could not limit evidence under OEC 609 to such an extent. In that case, the defendant was charged with prostitution. He moved to limit the introduction of evidence concerning his prior felony conviction for possession of a controlled substance. He requested that the jury not be told about the specific crime for which he had been convicted. The trial court concluded that the name of the crime of conviction was prejudicial and without any probative value. We reversed, ruling:

> "In sum, OEC 609(1) *requires* evidence of a prior felony conviction to be admitted in order to impeach a witness, provided that the conviction is not stale and has not been set aside, and subject to the witness' right to explain the circumstances surrounding the conviction. The rule does not allow trial courts to engage in a process of weighing the probative value of the evidence against its prejudicial effect before admitting impeachment evidence of prior convictions." (Citations omitted; emphasis in original.) 124 Or App at 256.

Our reasoning in *Venegas* is a reflection of the intention of the people of the state of Oregon who promulgated OEC 609 through the initiative process in 1986 with Ballot Measure 10. In *State v. Dick*, 91 Or App 294, 754 P2d 628 (1988), we examined the history of the rule and the purpose of the ballot measure. We noted that the ballot measure deleted language from the rule that permitted a trial court to weigh the probative value of a conviction offered into evidence for impeachment purposes against its prejudicial effect. We concluded:

> "[I]t is clear that the voters intended to *require* trial courts to admit evidence of prior convictions for the purpose of impeaching a criminal defendant, without discretion." *Id.* at 297. (Emphasis in original.)

In *State v. King*, 307 Or 332, 337, 768 P2d 391 (1989), the court said:

> "We find the Court of Appeals' analysis in *Dick* persuasive and adopt it as our own."

This is not a case in which the offer of evidence went beyond the fact of the conviction itself, such as occurred in *Pratt*. Rather, this is a case wherein defendant seeks to sanitize the nature of his conviction for the purpose of limiting its impact on the jury. Informing the jury that the conviction was for *felony* driving while suspended identifies the crime as a felony, a crime more serious than misdemeanor driving while suspended crimes and DWS infractions.[2] The exclusion by the trial court of the fact that defendant's prior conviction was for a felony prevents the jury from accurately understanding the nature of the conviction. The trial court sought to avoid what it perceived to be an unduly prejudicial effect of the word "felony." However, the descriptive phrase that identifies the crime for which defendant was convicted is "felony driving while suspended." Thus, the trial court's ruling constituted an impermissible weighing of the probative value of the name of the crime against the name's purported prejudicial effect, something that we held in *Venegas* that trial courts could not do. Under OEC 609, the state is entitled to inform the jury that defendant's conviction for driving while suspended was a felony. The trial court erred when it prevented the state from demonstrating that the crime for which defendant was convicted was, in fact, a felony.

Reversed and remanded.

---

[2] ORS 811.175 provides that driving while suspended is a Class A infraction. The violation of ORS 811.182 is a Class C felony or a Class A misdemeanor, depending on the proscribed circumstances. Subsection (3) of the statute provides:

"The crime is a Class C felony if the suspension or revocation results from any of the following:

"(a) Habitual offender status under ORS 809.640.

"(b) Any degree of murder, manslaughter, criminally negligent homicide or assault resulting from the operation of a motor vehicle.

"(d) Failure to perform the duties of a driver under ORS 811.705.

"(e) Reckless driving under ORS 811.140.

"(f) Fleeing or attempting to elude a police officer under ORS 811.540.

"(g) Driving while under the influence of intoxicants under ORS 813.010.

"(h) Use of a commercial motor vehicle in the commission of a crime punishable as a felony."

**ARMSTRONG, J.,** dissenting.

The issue presented in this case is whether, if defendant admitted that he had been convicted of the crime of driving while suspended, OEC 609(1)(a) required the trial court to permit the state, for impeachment purposes, to introduce evidence establishing that that crime was considered a felony in Oregon. The majority concludes that the "felony" status of defendant's conviction is part of its nature and that, as a result, the trial court had to admit evidence that established that fact. 150 Or App at 510. I dissent.

OEC 609 states the circumstances in which a witness' credibility can be impeached by evidence of a prior criminal conviction. It provides:

> "For the purpose of attacking the credibility of a witness, *evidence that the witness has been convicted of a crime* shall be admitted if elicited from the witness or established by public record, *but only if the crime (a) was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted,* or (b) involved false statement or dishonesty."

(Emphasis supplied.) The rule states that the only evidence the trial court is required to admit under OEC 609(1)(a) is "evidence that the witness has been convicted of a crime." In *State v. Venegas,* 124 Or App 253, 256, 862 P2d 529 (1993), *rev den* 318 Or 351 (1994), we concluded that that meant that a trial court had to admit, without discretion, not just the *fact* that a witness had been convicted of an admissible prior conviction, but also the *nature* of that conviction.

The majority does not dispute that conclusion, but concludes that the "felony" status of defendant's conviction is an intrinsic part of its nature. It states, "the descriptive phrase that identifies the crime for which defendant was convicted is 'felony driving-while-suspended.'" 150 Or App at 510. I disagree. The descriptive phrase that describes the crime for which defendant was convicted is its statutory name, "criminal driving while suspended." ORS 811.182. *Venegas,* the case in which we established that a trial court was required under OEC 609(1)(a) to admit the "nature" of

an admissible prior criminal conviction, supports my conclusion. In that case, we equated the nature of a crime with its name. 124 Or App at 256. There the issue was

> "whether a trial court may, under OEC 609, limit the introduction of impeachment evidence regarding a witness' prior felony conviction by allowing the state to prove the *existence* of a prior conviction, but preventing it from disclosing to the jury the *name* of the crime for which the witness was convicted."

*Id.* at 255. The defendant had been charged with prostitution. The state sought to impeach his credibility as a witness by introducing evidence that he previously had been convicted of possession of a controlled substance. The trial court held that under OEC 609 the state could establish the *existence* or *fact* of the prior conviction, but not the *name* of the conviction. We reversed, stating that, "the trial court erred when it excluded evidence of the nature of defendant's prior felony conviction." *Id.* at 256. In that context, it is evident that by the "nature" of the crime, we meant its name, "possession of a controlled substance." The crime's felony status was not considered an aspect of its nature.

The state contends, however, that the felony status of the offense is the only relevant evidence for impeachment purposes. The majority agrees. It states:

> "Informing the jury that the conviction was for *felony* driving while suspended identifies the crime as a felony, a crime more serious than misdemeanor driving while suspended crimes and DWS infractions."

150 Or App at 510 (emphasis in original). While true, that statement does not support a conclusion that OEC 609(1)(a) requires the court to admit that information. As a threshold matter, to admit a prior criminal conviction for impeachment purposes, a party must establish that the crime fits under either OEC 609(1)(a) or (b). To qualify under OEC 609(1)(a), the party must show that the crime "was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted." Nothing in the rule indicates, however, that the trial court must admit evidence that establishes that the threshold requirement has been met.

Even if the rule did require the admission of that evidence, it still would not require the admission of evidence that established the felony status of the admissible offense. The term felony is merely a descriptive term. Its use establishes that the action so described is a criminal offense that is considered a more serious offense than a misdemeanor. In Oregon, most crimes that are punishable by death or imprisonment in excess of one year are known as felonies. As a result, when a party establishes that a witness has a prior conviction for a felony, the party generally will be able to impeach that witness with evidence establishing the prior conviction under OEC 609. Despite the frequent use of the term felony in conjunction with OEC 609(1)(a), however, that term is not an aspect of the rule because the rule is concerned with the possible punishment for the crime for which a witness has been convicted. If the crime is punishable by death or by imprisonment in excess of one year, evidence of that crime is admissible, even if that crime is not considered a felony offense.

That the term felony is not an aspect of OEC 609 is underscored by the fact that convictions for misdemeanor offenses in other jurisdictions could be admissible under OEC 609. Because the term felony is a descriptive term, it may be used in other jurisdictions to describe a different set of criminal offenses from those treated as felonies in Oregon. It could describe crimes punishable by either more severe or more lenient sentences then the one-year imprisonment standard in OEC 609(1)(a). Nonetheless, in an Oregon court, if a witness has been convicted of a crime that is punishable by imprisonment in excess of one year, a party can impeach that witness by introducing evidence of that conviction. That is true even if the offense was considered a misdemeanor in the jurisdiction in which it occurred. Thus, even if a court were required under the rule to allow the admission of evidence establishing that the threshold requirement of OEC 609(1)(a) was met, evidence that the crime was considered a felony offense would not be required.

Because the trial court was not required to admit evidence that the crime for which defendant had been convicted was considered more serious than a misdemeanor, I turn to whether the trial court had authority under OEC

609(1)(a) to exclude the proffered evidence. The Supreme Court's decision in *State v. Pratt*, 316 Or 561, 853 P2d 827, *cert den* 510 US 969, 114 S Ct 452, 126 L Ed 2d 384 (1993), informs that analysis. There, the state called a witness who testified against the defendant. On direct examination, the witness testified that he had been convicted of more than one felony offense. On cross-examination, the witness testified to specific crimes for which he had been convicted. The defense then attempted to admit two documents into evidence. The first related to one of the convictions to which defendant had admitted on cross-examination. It restated defendant's conviction, noted that he had been sentenced to probation and noted that, currently, he was in violation of that probation. The second document was a judgment of conviction for an admissible crime about which defendant had not testified and the terms of probation for that conviction.

> "The state objected to the admission of the documents on the grounds that *they were cumulative* and that *they contained more information than the crime and date of conviction.*"

*Id.* at 571 (emphasis supplied). The trial court sustained the state's objection. The Supreme Court affirmed the trial court. It considered the language of OEC 609 and concluded that

> "[n]othing in the 1986 amendment * * * demonstrates that the people intended that *all* evidence of prior convictions be admitted for impeachment purposes, even when that evidence is merely cumulative of other evidence already admitted."

*Id.* at 573 (emphasis in original). Despite the fact that one of the documents contained evidence of an admissible criminal conviction that had not been introduced in to evidence at all, the Supreme Court held that

> "a trial court, in exercise of its discretion under OEC 403, may exclude evidence offered under OEC 609 if the probative value of that evidence 'is substantially outweighed by * * * considerations of * * * needless presentation of cumulative evidence.' "

*Id.* (quoting OEC 403).

The case we are deciding today is analogous to *Pratt*. Here, the trial court ruled that if defendant admitted on direct examination that he had been convicted of the crime of driving while suspended, it would be unnecessarily cumulative for the state to introduce evidence that the conviction was for a felony offense.[1] Allowing the state to establish that the crime for which defendant had been convicted was considered a felony would have done two things. First, it would have reaffirmed that the conviction was for a criminal offense. Second, it would have established that that offense was considered more serious than a misdemeanor. As in *Pratt*, the proffered evidence would have been cumulative and, contrary to the majority's assertion, would have gone beyond the fact of the conviction itself. *See* 150 Or App at 513 ("This is not a case in which the offer of evidence went beyond the fact of the conviction itself, such as occurred in *Pratt*."). Thus, as in *Pratt*, the trial court had the authority to exercise its discretion to exclude that evidence as cumulative.[2]

Finally, the state notes that parties often introduce evidence about the felony status of offenses under OEC 609. That such evidence is frequently introduced, however, tells us nothing about the evidence that a court is required to admit. The trial court did not rule that the felony status of an offense is always inadmissible under OEC 609. Instead, it exercised its discretion to exclude that information if defendant offered certain testimony on direct examination. To the extent that defendant introduces the required evidence on direct examination, the trial court has discretion to exclude further evidence on that point as needlessly cumulative. That

---

[1] The trial court's order stated that,

"if * * * defendant is asked by his attorney if he has ever been *convicted of a crime* and if *he admits to a conviction for Driving While Suspended*, or if his attorney asks him if he has ever been *convicted of the crime of Driving While Suspended* and * * * *defendant admits that he has*, then the State may not ask the defendant on cross-examination if the crime was a felony nor may the State introduce his judgment of conviction as impeachment evidence."

(Emphasis supplied.) The judgment for defendant's prior conviction for DWS stated that defendant was convicted for "Felony Driving While Suspended."

[2] The state notes that "[w]here proposed impeachment evidence is cumulative, this court reviews [rulings on the admission of that evidence] for abuse of discretion," but it does not argue that the trial court abused its discretion in ruling as it did. Therefore, it would be inappropriate to address that issue.

is true even if defendant completely preempts the state's attempt to attack his credibility by introducing all of the required evidence on direct examination, leaving the state with nothing with which to confront him.[3]

In conclusion, OEC 609(1)(a) does not require trial courts to admit, without exception, evidence about the felony status of impeachable offenses. Instead, it requires the admission only of evidence establishing the fact and nature of a prior criminal conviction. Even then, the trial court has the discretion under OEC 403 to exclude needlessly cumulative evidence. Because the state's sole argument on appeal is that the trial court was required under OEC 609(1)(a) to admit evidence that defendant's prior conviction was for a felony offense, we should affirm the decision of the trial court. The majority errs when it concludes otherwise. Therefore, I respectfully dissent.

Riggs, J., joins in this dissent.

---

[3] The trial court properly noted that, if defendant explained the circumstances surrounding his prior conviction, under OEC 609(3) the state would have an opportunity to rebut that explanation. OEC 609(3).