Submitted April 29, 2020, affirmed March 24, petition for review denied August 26, 2021 (368 Or 514)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

GORDON KEITH KUULAI CANO,
*Defendant-Appellant.*

Deschutes County Circuit Court
16CR76866, 060533149;
A167516 (Control), A168410

484 P3d 388

In this consolidated case, defendant appeals from a judgment of conviction of one count of sodomy in the first degree, ORS 163.405, one count of sexual abuse in the first degree, ORS 163.427, and one count of incest, ORS 163.525. He first challenges the trial court's allowance of his impeachment with evidence of a prior conviction without balancing admission of that evidence under OEC 403. Secondly, he challenges the trial court's giving of a nonunanimous jury instruction. He lastly challenges the revocation of his probation, dependent upon the resolution of his evidentiary challenge. *Held*: Defendant did not preserve his evidentiary challenge, nor does it qualify as plain error, as the error was not obvious and beyond dispute. The resolution on this first assignment of error also resolves defendant's third assignment of error. With regard to his second challenge, though defendant preserved that issue, the jury's verdict in this case was unanimous on all counts, rendering the error harmless pursuant to *State v. Flores Ramos*, 367 Or 292, 323-24, 478 P3d 515 (2020).

Affirmed.

Stephen P. Forte, Judge. (Judgment - 3/23/2018 ; Amended Judgment - 3/27/2018)

Eric J. Bergstrom, Judge. (Judgment - 7/2/2018)

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Daniel C. Bennett, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and James, Judge.

JAMES, J.

Affirmed.

**JAMES, J.**

In this consolidated case, defendant appeals from a judgment of conviction in Case No. 16CR76866 of one count of sodomy in the first degree, ORS 163.405; one count of sexual abuse in the first degree, ORS 163.427; and one count of incest, ORS 163.525. In Case No. 060533149, defendant appeals from a revocation of probation. Defendant raises three assignments of error—the first challenging his impeachment by a prior conviction without balancing admission of that evidence under OEC 403, the second challenging the trial court's giving of a nonunanimous jury instruction, and the third conditionally challenging the revocation of his probation, dependent upon our resolution of his first assignment of error. We affirm.

Recitation of the facts underlying this case do not serve the bench or bar and are not necessary in explaining our disposition. In this case, defense counsel elicited defendant's own exculpatory statement from the investigating detective on cross-examination. In response, the state sought to admit defendant's prior felony conviction as impeachment.

OEC 806 provides, in pertinent part:

"When a hearsay statement *** has been admitted in evidence, the credibility of the declarant may be attacked, and if attacked may be supported, by any evidence which would be admissible for those purposes if the declarant had testified as a witness."

On appeal, defendant does not dispute the statement elicited was exculpatory, nor that OEC 806 permitted admission of his prior criminal conviction for impeachment purposes. However, defendant argues that admission of his prior conviction was prohibited because its probative value was outweighed by the prejudice, and that the trial court failed to engage in OEC 403 balancing.

Defendant acknowledges that prior Oregon cases have held that OEC 609, which allows the impeachment of a witness by certain criminal convictions, prohibits balancing under OEC 403. *See, e.g., State v. Venegas*, 124 Or App 253, 256, 862 P2d 529 (1993); *State v. King*, 307 Or 332, 337, 768

P2d 391 (1989); *State v. Dick*, 91 Or App 294, 298-99, 754 P2d 628 (1988).

However, defendant argues that more recent cases such as *State v. Williams*, 357 Or 1, 346 P3d 455 (2015) and *State v. Baughman*, 361 Or 386, 393 P3d 1132 (2017), establish that the Due Process Clause of the Fourteenth Amendment to the United States Constitution requires OEC 403 balancing, if requested by the defendant, anytime the state seeks to introduce prior crimes, wrongs, or acts against a defendant regardless of the purpose for which the evidence is offered.

Whatever potential merits of defendant's argument in this area, that argument in unpreserved. Defendant did not ask for OEC 403 balancing at trial, let alone argue that the Due Process Clause required such balancing. Defendant's argument on this point is not obvious and beyond dispute and does not qualify as plain error under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381, 823 P2d 956 (1991).[1]

Defendant also challenges the trial court's instruction to the jury that it could return a nonunanimous verdict. Although defendant preserved this issue, the jury's verdict in this case was unanimous on all counts, rendering the error harmless pursuant to *State v. Flores Ramos*, 367 Or 292, 323-24, 478 P3d 515 (2020).

Affirmed.

---

[1] Our resolution on this first assignment of error also resolves defendant's third assignment of error.