***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted May 31, vacated and remanded July 26, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHARLES ALEXANDER WHITE II,
*Defendant-Appellant.*

Josephine County Circuit Court
20CR25957; A175787

Brandon S. Thueson, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Andrew D. Robinson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

POWERS, J.

Vacated and remanded.

**POWERS, J.**

Defendant appeals from a judgment convicting him of two counts of first-degree assault, ORS 163.185, and two counts of attempted first-degree assault. On appeal, defendant raises four assignments of error, the last three of which are now moot. In his first assignment of error, defendant argues that the trial court erred by declining to conduct OEC 403 balancing before admitting evidence of defendant's prior convictions for impeachment purposes under OEC 609(1)(a). The state concedes that, despite its position to the contrary, *State v. Aranda*, 319 Or App 178, 509 P3d 152, *rev allowed*, 370 Or 214 (2022), controls this case and, therefore, balancing is required. We agree with the parties' arguments that *Aranda* controls and, accordingly, we vacate and remand for further proceedings.

We review whether the Due Process Clause requires OEC 403 balancing in the context of impeachment under OEC 609(1)(a) for errors of law. *Aranda*, 319 Or App at 180.

Defendant fired a handgun at a vehicle with four passengers, injuring two of them. He was charged with four counts of attempted first-degree murder, two counts of first-degree assault, four counts of unlawful use of a weapon, and one count of felon in possession of a firearm. Defendant testified on his own behalf before the jury. Prior to his testimony, the state filed a motion *in limine* to admit evidence of defendant's prior convictions under OEC 609(1)(a), including convictions for unlawful delivery and possession of a controlled substance, felon in possession of a firearm, and attempted murder.[1] In response to the state's motion, defendant asked the court to apply OEC 403 balancing to determine if the probative value of that evidence substantially outweighed

---

[1] OEC 609(1)(a) provides:

"(1) For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record, but only if the crime:

"(a)  Was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted[.]"

the risk of unfair prejudice.[2] The court declined to do so, and evidence of those convictions was admitted.

On appeal, citing *Aranda*, defendant argues that the court's refusal to conduct a balancing under OEC 403 was a violation of his due process rights. In that case, we concluded that, due to the risk of prejudice stemming from the introduction of prior convictions, federal due process requires that the trial court, if requested by the defense, must determine whether the probative value of such convictions is substantially outweighed by the risk of unfair prejudice, *viz.*, conduct OEC 403 balancing. *Id.* at 189-90. The state concedes that, under *Aranda*, the trial court should have conducted OEC 403 balancing but contends that the failure to do so was harmless.

Consistent with *Aranda*, which was decided after the trial court's decision in this case, we conclude that the court erred by failing to engage in OEC 403 balancing. Further, and also consistent with *Aranda*, we vacate and remand the case to allow the trial court to conduct the required balancing and therefore decline to reach the state's argument that the error was harmless.

Finally, defendant's last three assignments of error were withdrawn after the trial court entered an amended judgment. *See State v. Porter*, 313 Or App 565, 568, 494 P3d 988 (2021) (noting that an amended judgment can moot assignments of error by resolving issues raised by them).

Vacated and remanded.

---

[2] OEC 403 provides:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence."