No. 571 August 14, 2024 403

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DEAN CURTIS MIESBAUER,
*Defendant-Appellant.*

Polk County Circuit Court
21CR46414; A178861

Rafael A. Caso, Judge.

Submitted June 12, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Morgen E. Daniels, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna L. Jenkins, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

Defendant appeals from a judgment of conviction on one count of first-degree sexual abuse, ORS 163.427, assigning error to the trial court's admission of records of his prior convictions as impeachment evidence under OEC 609(1)(a). At trial, defendant objected to the admission of those records on the ground that, under OEC 403, their probative value was substantially outweighed by the risk of prejudice. The trial court, relying on this court's then-recent decision in *State v. Aranda*, 319 Or App 178, 509 P3d 152 (2022), *rev'd*, 372 Or 363, 550 P3d 363 (2024), engaged in OEC 403 balancing before admitting the evidence. On appeal, defendant argues that the court correctly identified the need to balance but "went astray with respect to the scope of OEC 403 balancing" under our *Aranda* decision.

After this case had been briefed on appeal, the Oregon Supreme Court overturned our decision in *Aranda*. 372 Or at 365. That court disagreed with our conclusion that due process requires trial courts to conduct OEC 403 balancing before admitting evidence that meets the requirements of OEC 609(1)(a). The court also rejected the defendant's contention that, as a matter of statutory construction, OEC 609 permits OEC 403 balancing. Instead, the court adhered to case law holding "that OEC 609 does not permit trial courts to subject evidence admissible under its terms to OEC 403 balancing." *Aranda*, 372 Or at 366.

The court's decision in *Aranda*—that OEC 609 does not permit balancing and that due process does not require it—forecloses the arguments defendant advances on appeal regarding the manner in which OEC 403 balancing was conducted in this case.[1] And, to the extent that defendant argues that the court's ruling affected his decision not to take the stand and therefore impinged on his exercise of his

---

[1] In *Aranda*, the court did not decide whether there might be circumstances in which admitting a defendant's felony conviction history as impeachment evidence would be so extremely unfair that it violated fundamental conceptions of justice or infused the trial with such unfairness as to deny due process of law, because "it is not an argument that defendant has ever advanced in this case." 372 Or at 405-06. Similarly, in this case, we do not understand defendant to have ever argued that admission of the records of his prior convictions would be so extremely unfair as to violate fundamental conceptions of justice or infuse the trial with such unfairness as to deny him the right to due process.

constitutional right to testify, that argument is also foreclosed by the Supreme Court's decision in *Aranda*. 372 Or at 397-98 (explaining that the "admission of prior convictions *** is something that a defendant has the power to foreclose, albeit at the cost of forgoing the right to testify. Although we recognize the difficult tradeoff between important rights that such a choice must entail, *** we are unaware of any decision of the Supreme Court [of the United States] suggesting that having to make such decisions somehow renders the trial fundamentally unfair.").

Affirmed.