No. 304          April 2, 2025          511

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SPIKE LEVON McCOY,
*Defendant-Appellant.*

Lake County Circuit Court
19CR75814; A179819

David M. Vandenberg, Judge.

Submitted March 10, 2025.

Bear Wilner-Nugent filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

JACQUOT, J.

Affirmed.

JACQUOT, J.

Defendant appeals a judgment of conviction for one count each of first-degree rape, ORS 163.375; incest, ORS 163.525; and first-degree sexual abuse, ORS 163.427. In two assignments of error, defendant argues that the trial court erred by (1) declining to balance the prejudicial impact of evidence of defendant's prior convictions against the probative effect of admitting them, and (2) declining to give the less-satisfactory evidence instruction to the jury. We affirm.

Regarding his first assignment of error, defendant's argument relies on our decision in *State v. Aranda*, 319 Or App 178, 509 P3d 152 (2022), *rev'd*, 372 Or 363, 550 P3d 363 (2024). However, after defendant filed his opening brief, the Supreme Court reversed that decision, *State v. Aranda*, 372 Or 363, 550 P3d 363 (2024), and defendant's argument is foreclosed. *Id.* at 405-06 (due process "does not require OEC 403 balancing" before admission of impeachment evidence that otherwise meets the requirements of OEC 609(1)(a)).

In his second assignment of error, defendant argues that the trial court erred by declining to give Uniform Criminal Jury Instruction (UCrJI) 1030, the "less-satisfactory evidence" jury instruction. We review "a trial court's failure to give a requested jury instruction for errors of law." *State v. Copeland*, 324 Or App 816, 818, 527 P3d 771, *rev den*, 371 Or 309 (2023). We view the record in the light most favorable to establishment of the facts necessary to require the instruction. *State v. West*, 289 Or App 415, 416, 410 P3d 382 (2017).

The less-satisfactory evidence instruction informs the jury that, "[i]f the

evidence offered by the state was weaker and less satisfactory than other stronger or more satisfactory evidence that the state could have offered," then the jury "should view the weaker and less satisfactory evidence with distrust." UCrJI 1030; ORS 10.095(7), (8). In criminal cases, the instruction "should rarely be given," but it may be appropriate where the state's failure to produce the evidence gives rise to an inference that the state may be attempting to hide something, or when the record indicates that the state possessed but failed

to produce the stronger evidence. *State v. McDonnell*, 313 Or 478, 503, 837 P2d 941 (1992). However, the instruction "does not penalize a party for failing to produce *all* available evidence." *West*, 289 Or App at 419 (emphasis in original). When determining whether to give the less-satisfactory evidence instruction,

> "the court must evaluate whether the party requesting the instruction demonstrated that other evidence was reasonably available on a fact in issue and that there is a basis for the jury to conclude that the other evidence is stronger and more satisfactory than the evidence offered. Therefore, the less-satisfactory evidence instruction must be supported by a showing that (1) the evidence the state did not present was reasonably available, and (2) the evidence was stronger than other evidence the state offered."

*Copeland*, 324 Or App at 826 (internal citation and quotation marks omitted).

Here, the trial court did not err. Defendant argues that the state should have conducted additional investigation and that because it did not explore certain possible avenues, the jury was entitled to decide whether the state's evidence was weaker or less satisfactory than other evidence it might have offered. However, defendant does not identify what relevant and admissible evidence could have been produced by the investigative steps he argues that the state should have taken, nor why any such evidence would have been stronger than what the state did, in fact, produce. Defendant also does not identify any stronger evidence that the state possessed but failed to produce, nor any reason to believe that the state was attempting to hide something. Accordingly, defendant has not shown that the trial court erred by declining to provide the instruction that "should rarely be given." *McDonnell*, 313 Or at 503.

Affirmed.